### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J&J PRODUCTIONS INC.,       ) | |
|       ) | |
|     Plaintiff,      ) | |
| vs.      ) | NO. CIV-11-1023-HE |
|       ) | |
| ALFREDO F. HERNANDEZ, ET AL.,      ) | |
|       ) | |
|     Defendants.      ) | |

### **ORDER**

Before the court is plaintiff's motion for default judgment [Doc. #15] against defendant Alfredo F. Hernandez, individually and d/b/a Mexican Out Back Bar. Plaintiff's complaint asserts liability against defendant based on the alleged interception and unauthorized showing, at the Mexican Out Back Bar, of the Floyd Mayweather, Jr. v. Juan Manuel Marquez Fight Program on September 19, 2009, in violation of 47 U.S.C. §§ 553 and 605.[1] Plaintiff alleges that Alfredo F. Hernandez, as "owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management" of the Mexican Out Back Bar, had supervisory control over the establishment at the time of the alleged unauthorized showing and is liable for a violation of 47 U.S.C. § 553 (unauthorized interception/exhibition of cable communications) and 47 U.S.C. § 605 (unauthorized interception/exhibition of satellite communications). Plaintiff has moved for default judgment pursuant to 47 U.S.C. § 605. Defendant was served

---

[1]*The complaint alleges that plaintiff had exclusive, nationwide distribution rights to the indicated program. Plaintiff's claims against co-defendant Jose Ochoa were previously dismissed without prejudice [Doc. #14].*

with process and the Clerk has certified defendant's default.

Taking the allegations of the complaint as true, the court concludes a basis for claim against defendant has been stated and that default judgment should be entered for plaintiff. In the circumstances existing here, a single recovery against defendant is appropriate. Plaintiff has elected to pursue statutory, rather than actual, damages, which is permitted by 47 U.S.C. § 605.

The court concludes the appropriate amount of statutory damages attributable to defendant's conduct is $2200, based on the pricing structure indicated by plaintiff's submissions and the number of patrons in the establishment [Doc. Nos. 16-1 & 16-2]. Further, accepting the allegations of the complaint as true, the court concludes that defendant's actions were willful. Therefore, an additional award of $2200 is appropriate as a penalty for the statutory violations.

Section 605 authorizes a plaintiff's recovery of costs and reasonable attorneys' fees. Plaintiff itemizes $405.00 in costs for the filing fee and process server expenses, which the court finds reasonable. Plaintiff also seeks $2,150.00 in attorneys' fees, which the court finds reasonable.

Accordingly, plaintiff's motion for default judgment [Doc. #15] is **GRANTED**. Plaintiff is awarded judgment for $4,400.00 in statutory damages and penalty and $2555.00 in costs and attorneys' fees against defendant Alfredo F. Hernandez, individually and d/b/a Mexican Out Back Bar.

**IT IS SO ORDERED**.

Dated this 26th day of March, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE